VICTORIA CABALLERO DE JULIÁ, Plaintiff and Appellee, v. BANCO DE SAN JUAN, Defendant and Appellant.

No. 392.     Decided February 20, 1963.

*McConnell, Valdés & Kelly* and *Wallace González Oliver* for appellant. *Alberto Picó Santiago* and *Francisco A. Rosa Silva* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

Victoria Caballero and Angiolina M. Juliá opened a current account at the Banco de San Juan. Either one could draw against that account. Mrs. Caballero drew a first "Cash" check for the amount of $37.50 and gave it to her son-in-law. Later she drew one for $9.17 to the order of the Puerto Rico Telephone Co., and another one for $6.50 to the order of the Water Resources Authority. Neither check was honored by the bank.

The first check which was returned to plaintiff was the one issued to the order of the telephone company. The letter attached to the returned check informed her that the check had been returned by the bank and that they would appreciate "if she would inquire and remit the amount of $9.17, pending balance of your telephone account No. 28961, within the next five days, for which we thank you in advance . . . ." The check which she issued to the order of the Water Resources Authority was returned to her by an employee thereof, and Mrs. Caballero paid in cash. Then she received a telephone call from her son-in-law informing her of the third check.

Mrs. Caballero filed a suit against the Banco de San Juan. She alleged that it was negligent and that "the aforesaid negligence of the defendant bank forced plaintiff to pay for those checks in cash from her other funds, upon being required to do so by the persons and entities to whom checks had been issued. For this reason, plaintiff suffered humiliations, sufferings, and ailments and was exposed to the contempt and loss of her credit and reputation in the community, which damages she deems amount to Five Thousand Dollars ($5,000)."

The bank set up as a defense that upon opening a current account plaintiff had signed an agreement releasing the bank from liability, which reads as follows:

"The depositor, in consideration that the Bank shall operate this account free of service charges, waives his right to any judicial action which it might have in the future by reason of any error, oversight or omission incurred by the Bank in the operation of the account object of this contract."

The trial court decided in its judgment that the invoked agreement was void. It rendered judgment ordering the bank to pay plaintiff one thousand dollars.

The bank does not challenge the amount granted. In support of its contention it relies on the agreement of waiver which plaintiff allegedly signed.

■ After examining the document containing the alleged agreement, the same can in nowise be considered a contract. It is an identification card to register the signature of the person opening the account. In the upper part of the document the words "IDENTIFICATION CARD" appears in capital letters, and next to this "CURRENT ACCOUNTS," and below, in bigger capitals "BANCO DE SAN JUAN." Further below, the alleged agreement appears in small letters, and below the latter there is a line for registering the name and address of the person opening the account, as well as the signatures of the persons authorized to draw against that account.

The document is nothing but an identification card. Defendant's attorney so designates it in a memorandum filed in the trial court. It cannot be considered an agreement. Any person opening a bank account who is presented with such a card to register his signature, does so, unconscious of the fact that it contains an agreement of waiver. It cannot be held that there has been a meeting of the minds.

■ Since no agreement whatsoever exists between the parties, we cannot consider whether or not it is contrary to public interest. And since defendant dishonored the checks

in spite of the fact that plaintiff had sufficient funds in her account, it incurred liability. *Maymí* v. *Banco Popular*, 63 P.R.R. 515 (1944).

The judgment appealed from will be affirmed.